SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CV12 - 5006

KENNETH SACHS,

                Plaintiff,

      - against -

THE CITY OF NEW YORK, POLICE OFFICER
PHILIP VACCARINO (Shield # 18281),
and POLICE OFFICER "JOHN DOE" # 1-10,
individually and in their official capacities (the name
John Doe being fictitious as the true names are
presently unknown),

                Defendants.
-------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**VIA ECF**

GLEESON, J.

GOLD, M.J.

Plaintiff, KENNETH SACHS by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On February 18, 2012, at approximately 8:45 p.m., Plaintiff KENNETH SACHS was at or near the North East Corner of Brabant Street and South Avenue in Staten Island New York, Richmond County.

14. While at the aforementioned location POLICE OFFICER PHILIP VACCARINO and POLICE OFFICER "JOHN DOE" # 1-10, approached the Plaintiff and restrained his liberty without probable cause, privilege, or consent.

15. The Plaintiff was subjected to a full frisk of his entire body, including of his genitals, by POLICE OFFICER PHILIP VACCARINO and POLICE OFFICER "JOHN DOE" # 1-10.

16. Upon being searched the defendant police officers recovered from the plaintiff prescription medication which the plaintiff legally had in his possession.

17. The defendant police officers placed the plaintiff under arrest, handcuffed him, and took him into custody.

18. The plaintiff was arrested by the defendant police officers without probable cause.

19. While at the police precinct, the plaintiff was informed by POLICE OFFICER PHILIP VACCARINO and/or POLICE OFFICER "JOHN DOE" # 1-10, that they knew the medication was legal and that they confirmed the legality of the medication with his doctor.

20. Despite knowing that the medication was legally prescribed to the plaintiff, and the

plaintiff was legally in possession of the medication, the defendant police officers did not release the plaintiff. The plaintiff was subjected to criminal prosecution by the defendant police officers and the District Attorney's Office.

21. The plaintiff was criminally charged with various crimes related to his possession of his medication.

22. The plaintiff was criminally prosecuted in Richmond County Criminal Court under Docket Number 2012RI001673. Immediately following his arrest, bail was set by the Court and the plaintiff spent approximately six (6) days in jail before being released on his own recognizance.

23. On August 23, 2012, the criminal charges against the plaintiff were dismissed in their entirety.

24. As a result of the foregoing, the Plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through 24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff KENNETH SACHS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in

violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the CITY OF NEW YORK and New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff KENNETH SACHS was subjected to an illegal, improper and unlawful seizure of his person without any probable cause, privilege, or consent.

33. That the seizure of the plaintiff was objectively unreasonable and in violation of his plaintiff's constitutional rights.

34. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff, KENNETH SACHS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

37. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of the Plaintiff's constitutional rights.

38. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. All of the Defendants were directly and actively involved in the initiation of criminal proceedings against KENNETH SACHS.

41. All of the Defendants lacked probable cause to initiate criminal proceedings against KENNETH SACHS.

42. All of the Defendants acted with malice in initiating criminal proceedings against KENNETH SACHS.

43. All of the Defendants were directly and actively involved in the continuation of

criminal proceedings against KENNETH SACHS.

44. All of the Defendants lacked probable cause to continue criminal proceedings against KENNETH SACHS.

45. All of the Defendants acted with malice in continuing criminal proceedings against KENNETH SACHS.

46. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in KENNETH SACHS' favor when all criminal charges against him were dismissed.

47. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. All of the Defendants issued legal process to detain the plaintiff and subject him to a false arrest and malicious prosecution.

50. All of the Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to KENNETH SACHS without excuse or justification.

52. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. All of the aforementioned Defendants conspired to violate both of the Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants including THE CITY OF NEW YORK, POLICE OFFICER PHILIP VACCARINO, and POLICE OFFICER "JOHN DOE" # 1-10, subjected the Plaintiffs, KENNETH SACHS to a false arrest and malicious prosecution.

57. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

59. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

 (a) Failing to properly train, in general;

 (b) Failing to supervise police officers;

 (c) Subjecting persons to violations of their constitutionally protected rights;

 (d) Subjecting persons to malicious prosecution.

60. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

 (a) Five (5) prior Federal Civil Rights lawsuits filed against POLICE OFFICER PHILIP VACCARINO under the following Civil Case Numbers:

  a. 1:11-cv-01885
  b. 1:11-cv-04901
  c. 1:11-cv-03884
  d. 1:11-cv-04507
  e. 1:12-cv-03639

61. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

62. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

## DAMAGES AND RELIEF REQUESTED

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. All of the foregoing acts by defendants deprived KENNETH SACHS of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To receive equal protection under the law;

66. By reason of the aforesaid conduct by defendants, plaintiff KENNETH SACHS Is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff KENNETH SACHS demands that the Court enter a judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, and one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
   September 23, 2012

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiffs*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832