UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x  DKT#:
KENNETH SACHS,                                    12-cv-05006(JG)(SMG)

                  Plaintiff,            **FIRST AMENDED COMPLAINT**

   - against -                                              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, POLICE OFFICER          **VIA ECF**
PHILIP VACCARINO (Shield # 18281),
POLICE OFFICER CHRISTIAN CATALDO
(Shield # 4133), SGT. IGNAZIO CONCA
(Shield # 906), and POLICE OFFICER
"JOHN DOE" # 1-10, individually and in their
official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                  Defendants.
------------------------------------------------------------------------x

      Plaintiff, KENNETH SACHS by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

     1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

     2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

     3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, KENNETH SACHS, is a citizen of the United States and at all relevant times a resident of the City of Cohoes and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and POLICE OFFICER "JOHN DOE" # 1-10 and POLICE OFFICER "JOHN DOE" # 1-10 were duly sworn police officers of THE CITY OF NEW YORK and the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On February 18, 2012, at approximately 8:45 p.m., Plaintiff KENNETH SACHS exited a building. After exiting the building, Plaintiff, KENNETH SACHS, took out a pack of cigarettes, lit a cigarette, and began walking to the store.

14. When the Plaintiff was at or near the North East Corner of Brabant Street and South Avenue in Staten Island New York, Richmond County, POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and POLICE OFFICER "JOHN DOE" # 1-10, approached the Plaintiff and restrained his liberty without probable cause, privilege, or consent.

15. The Plaintiff was subjected to a full frisk of his entire body, including of his genitals, by POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and POLICE OFFICER "JOHN DOE" # 1-10.

16. Upon being searched the defendant police officers recovered from the plaintiff his legally prescribed medication, which was contained in a prescription bottle. Prior to the search of the Plaintiff, neither the pill bottle nor the pills contained in the bottle were visible to the

public or the Defendant Police Officers. Therefore, the Defendant Police Officers did not have probable cause to stop and search the Plaintiff and the detention of the Plaintiff on the street was illegal.

17. Contained in the pill bottle were two brands of medication.

18. The Plaintiff explained to the Defendant Police Officers that although one of the brands of medication was not in the proper pill bottle, the pills were still, nonetheless, legally prescribed to him. In support of this claim, the Plaintiff produced two prescriptions for each of the drugs contained in the pill bottle and showed the documentation to the Defendant Police Officers. As a result, the Defendant Police Officers were aware that the pills contained in the pill bottle were for the Plaintiff's personal use.

19. The Defendant police officers placed the Plaintiff under arrest, handcuffed him, and took him into custody.

20. The Plaintiff was arrested by the Defendant police officers without probable cause.

21. While at the police precinct, the plaintiff informed POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and/or POLICE OFFICER "JOHN DOE" # 1-10, the name and contact information of his medical doctor who prescribed him the medication.

22. POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and/or POLICE OFFICER "JOHN DOE" # 1-10 called the Plaintiff's medical doctor on the telephone and confirmed that the medication in the Plaintiff's possession was prescribed to him and that he was in lawful possession of the pills.

23. While at the police precinct, the Plaintiff was informed by POLICE OFFICER

PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and/or POLICE OFFICER "JOHN DOE" # 1-10, that the Defendant police officers knew the medication was legally prescribed to the Plaintiff and that the Defendant police officers called the Plaintiff's doctor, spoke with the Plaintiff's doctor, and confirmed the legality of the medication with Plaintiff's doctor.

24. Despite knowing that the medication was legally prescribed to the Plaintiff, and that the Plaintiff was legally in possession of the medication, the Defendant police officers did not release the Plaintiff. Instead, the Defendant police officers continued to hold the Plaintiff in custody against his will and without probable cause, privilege, or consent.

25. The plaintiff was subjected to criminal prosecution by the Defendant police officers and the District Attorney's Office.

26. The Defendant Police Officers knowingly, intentionally, and willfully withheld the following exculpatory facts from the District Attorney's Office:

    (a) That the Plaintiff had in his possession, and produced for the Defendant Police Officers, copies of his prescriptions demonstrating that he was lawfully prescribed and was in lawful possession of the medication;

    (b) That the Plaintiff provided the Defendant Police Officers with his doctor's contact information;

    (c) That the Defendant Police Officers spoke to the Plaintiff's doctor on the telephone and confirmed that the Plaintiff was lawfully prescribed the medication in his possession.

27. The Defendant Police Officers knowingly, intentionally, and willfully informed representatives of the District Attorney's Office that the facts and evidence demonstrated that the Plaintiff possessed his pills with the intent to sell them. However, such information was false since the Defendant police officers knew that the Plaintiff was legally prescribed the medication

and that he possessed the medication for his own personal use.

28. A criminal complaint was prepared, which charged the Plaintiff with various crimes under docket number 2012RI001673.

29. The criminal complaint charged the Plaintiff with, inter alia, Criminal Possession of a Controlled Substance in the Third Degree, alleging that the Plaintiff possessed the medication with the intent to sell it. This crime was a Class B drug felony.

30. The criminal complaint also charged the Plaintiff with, inter alia, Criminal Possession of a Controlled Substance in the Fifth Degree, alleging that the Plaintiff possessed the medication with intent to sell it. This crime was a class D drug felony.

31. The criminal complaint was signed and sworn to by POLICE OFFICER PHILIP VACCARINO (Shield # 18281). The criminal complaint states as follows:

> "On 2-18-2012 at approximately 0855 hours, at the corner of Brabant Street and South Avenue, in Staten Island, New York, in the County of Richmond and State of New York, the defendant committed the offenses of:
>
> 1. P.L. 220.16(1) Criminal Possession of a Controlled Substance in the 3rd Degree (defendant #1, 1 count(s))
> 2. P.L. 220.06(1) Criminal Possession of a Controlled Substance 5th Degree (defendant #1, 1 count(s))
> 3. P.L. 220.03 Criminal Possession of a Controlled Substance 7th Degree (defendant #1, 1 count(s))
> 4. P.H.L. 3345 Possession of Controlled Substances by Ultimate Users Original Container (defendant #1, 1 count(s))
>
> In that the defendant(s) did: knowingly and unlawfully possess a controlled substance with intent to sell it; knowingly and unlawfully possess a narcotic drug with intent to sell it . . .."

32. POLICE OFFICER PHILIP VACCARINO's signature appears below the following statement: "False statements made herein are punishable as a class A misdemeanor pursuant to

section 210.45 of the Penal Law. Sworn to before me on February 18, 2012."

33. The criminal complaint filed against the Plaintiff contained information and statements which were materially false, including the allegations that the Plaintiff did "knowingly and unlawfully possess a controlled substance with intent to sell it" and that the Plaintiff did "knowingly and unlawfully possess a narcotic drug with intent to sell it." POLICE OFFICER PHILIP VACCARINO knew that these statements were false based on the information he had and the investigation conducted. Nevertheless, POLICE OFFICER PHILIP VACCARINO knowingly, intentionally, and willfully initiated Criminal proceedings against the Plaintiff by signing the criminal complaint, which included Felony charges which POLICE OFFICER PHILIP VACCARINO knew were not supported by the evidence, knew could not be proven, and for which there was no probable cause.

34. POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and POLICE OFFICER "JOHN DOE" # 1-10 each participated in the arrest and initiation of criminal proceedings against the Plaintiff, including Felony Drug crimes, all while knowing that the proof and evidence did not support any allegation that the Plaintiff intended on selling his medication. POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and POLICE OFFICER "JOHN DOE" # 1-10 each caused the criminal proceedings to continue by refraining from informing the District Attorney's Office of the existence of the exculpatory evidence described herein. Moreover, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and/or POLICE OFFICER "JOHN DOE" # 1-10, knew that POLICE OFFICER PHILIP VACCARINO had falsified the criminal complaint and lodged false charges

against the Plaintiff and failed to intervene to prevent the Plaintiff from being prosecuted for Drug Felonies that they knew he did not commit.

35. Following Plaintiff's arrest, bail was set by the Court.

36. Bail was set by the Court because the Plaintiff was charged with Felony Drug charges as a result of the actions taken by the Defendant police officers as described herein.

37. The Plaintiff spent approximately six (6) days in jail before being released on his own recognizance.

38. On August 23, 2012, the criminal charges against the plaintiff were dismissed in their entirety.

39. As a result of the foregoing, the Plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

42. All of the aforementioned acts deprived plaintiff KENNETH SACHS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

43. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of the CITY OF NEW YORK and New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of defendants' aforementioned conduct, plaintiff KENNETH SACHS was subjected to an illegal, improper and unlawful seizure of his person without any probable cause, privilege, or consent.

48. That the seizure of the plaintiff was objectively unreasonable and in violation of his plaintiff's constitutional rights.

49. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. As a result of defendants' aforementioned conduct, plaintiff, KENNETH SACHS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

52. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of the Plaintiff's constitutional rights.

53. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. All of the Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

56. All of the Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

57. All of the Defendants acted with malice in initiating criminal proceedings against Plaintiff.

58. All of the Defendants were directly and actively involved in the continuation of

criminal proceedings against Plaintiff.

59. All of the Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

60. All of the Defendants acted with malice in continuing criminal proceedings against Plaintiff.

61. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

62. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the Defendants issued legal process to detain the plaintiff and subject him to a false arrest and malicious prosecution.

65. All of the Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

66. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

67. As a result of the foregoing, the Plaintiff sustained, inter alia, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. All of the aforementioned Defendants conspired to violate both of the Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants including THE CITY OF NEW YORK, POLICE OFFICER PHILIP VACCARINO, POLICE OFFICER CHRISTIAN CATALDO (Shield # 4133), SGT. IGNAZIO CONCA (Shield # 906), and POLICE OFFICER "JOHN DOE" # 1-10, subjected the Plaintiff to a false arrest and malicious prosecution.

72. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

74. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not

limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to malicious prosecution.

75. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

    (a) Five (5) prior Federal Civil Rights lawsuits filed against POLICE OFFICER PHILIP VACCARINO under the following Civil Case Numbers:

        a. 1:11-cv-01885
        b. 1:11-cv-04901
        c. 1:11-cv-03884
        d. 1:11-cv-04507
        e. 1:12-cv-03639

    (b) Four (4) prior Federal Civil Rights lawsuits filed against SGT. IGNAZIO CONCA under the following Civil Case Numbers:

        a. 1:2006-cv-06541
        b. 1:2011-cv-03117
        c. 1:2012-cv-02299
        d. 1:2012-cv-00521

76. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

77. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were

directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

## DAMAGES AND RELIEF REQUESTED

79. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. All of the foregoing acts by defendants deprived KENNETH SACHS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law;

81. By reason of the aforesaid conduct by defendants, plaintiff KENNETH SACHS Is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff KENNETH SACHS demands that the Court enter a judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, and one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       February 18, 2013

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiffs*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832